UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MISTY H.[1],

                  Plaintiff,

v.

COMMISSIONER,
Social Security Administration,

                  Defendant.

Case No. 01:20-cv-00145-JR

OPINION AND ORDER

RUSSO, Magistrate Judge:

      Misty H. ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the decision of the Commissioner is REVERSED and REMANDED.

---

[1] In the interest of privacy, the Court uses only plaintiff's first name and the initial of the last name.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff was born in March 1981. Tr. 47-48, 64-65. She applied for DIB on August 31, 2015, alleging disability with an onset date of June 1, 2011. Id. Plaintiff alleged disability due to generalized anxiety disorder, panic disorder, agoraphobia, depression, back pain, neck pain, degenerative disc disease, history of back fusion surgery, chronic nausea, and acid reflux disease. Tr. 49, 77. Plaintiff completed two years of college. Tr. 176. She is unable to perform any of her past relevant work, including customer service representative, certified nursing assistant, gas attendant, or saw operator. Tr. 25.

Her application was denied initially and upon reconsideration. Tr. 47, 64. An Administrative Law Judge ("ALJ") held a hearing on March 28, 2018, and on May 7, 2018, issued a decision finding plaintiff not disabled. Tr. 18-27, 32-46. On December 17, 2019, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-3. This appeal followed.

## THE ALJ'S FINDINGS

The ALJ performed the five-step sequential analysis for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R § 416.920. At step one, the ALJ found plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 1, 2011 through her date last insured, December 31, 2014. Tr. 20. At step two, the ALJ determined the following impairments were medically determinable and severe: degenerative disc disease of the cervical spine, rotator cuff tendonitis, migraine headaches, obesity, and anxiety. Id. At step three, the ALJ determined plaintiff's impairments, neither individually nor in combination, met or equaled the requirements of a listed impairment. Tr. 21.

Because the ALJ did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: no more than three-step instructions and limited public contact. Tr. 23.

At step four, the ALJ determined plaintiff was unable to perform any past relevant work. Tr.25. Based on the RFC and the vocational expert's ("VE") testimony, the ALJ found at step 5 that a significant number of jobs existed in the national and local economy such that plaintiff could sustain employment despite her impairments. Tr. 26. Specifically, the ALJ found plaintiff could perform the jobs of "addresser, sorter," "final assembler," and "cutter, paster." Id. Accordingly, the ALJ determined plaintiff was not disabled under the Act. Tr. 27.

## STANDARD OF REVIEW

A district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). In reviewing the Commissioner's alleged errors, a court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). When the evidence before the ALJ is subject to more than one rational interpretation, a court must defer to the ALJ's conclusion. Batson, 359 F.3d at 1198 (internal citation omitted). The reviewing court, however, cannot affirm

the Commissioner's decision on grounds the agency did not invoke in making its decision. Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, the court may not reverse an ALJ's decision on account of an error that is harmless. Id. at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly rejecting her symptom testimony, (2) failing to incorporate into the RFC limitations assessed by the state agency psychological consultants, and (3) posing an incomplete hypothetical question to the VE, resulting in error at step five.

**I.      Symptom Testimony**

Plaintiff endorses several mental health issues, including insomnia, PTSD, panic attacks, agoraphobia, anxiety, and depression. Plaintiff explained at the hearing that she had mental health issues dating back to high school, including a psychiatric hospitalization at age 16. Tr. 35, 37-38. Plaintiff also reported a tragic history of losing her infants to congenital disease in addition to several miscarriages, all of which have exacerbated her mental health symptoms. Tr. 37. She reported trying a variety of medications for mental health but experienced negative side effects with all medications but Xanax. Tr. 38, 41. She further explained she did not see a mental health counselor regularly because such providers have a high turnover rate in her area which made it difficult to establish a longer-term treatment relationship. Tr. 39-40. Plaintiff endorsed the ability to spend time with her children, however, she actively avoids interacting with adults. For example, although she attends her daughter's softball games and practices, she sequesters herself in her car to avoid interaction with other parents. Tr. 40. She reported she attempted to take college courses

Page 4 – OPINION AND ORDER

which exacerbated her anxiety causing nausea and panic. That resulted in her decision to withdraw from all courses. Inability to concentrate and retain information added to her difficulty taking courses. See Tr. 41-43. She testified she can grocery shop with the assistance of her husband. Tr. 41. Plaintiff also endorsed severe symptoms related to her physical impairments, chiefly pain related to her shoulder impairment and a history of cervical spine fusion. Tr. 35. She also reported numbness throughout the left side of her body. Tr. 43.

The ALJ summarized plaintiff's symptoms in his decision. He noted her mental health symptoms, including anxiety and depression; frequent panic attacks; fear of being in public; difficulty remembering, concentrating, and completing tasks; pain; weakness; diminished range of motion in her back and neck; and difficulty with exertional activities such as sitting, standing, and walking. Tr. 23. The ALJ determined that although her impairments could reasonably be expected to produce some of her alleged symptoms, their intensity, persistence, and limiting effects were "not entirely consistent with the medical evidence and other evidence in the record[.]" Tr. 24.

Where, as here, a claimant's medically determinable impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no evidence of malingering, the ALJ may reject symptom testimony only by offering specific, clear, and convincing reasons for doing so. Coleman v. Saul, 979 F.3d 751, 756 (9th Cir. 2020) (citing Garrison v. Colvin, 759 F.3d 995, 1014-15 (9th Cir. 2014)). Thus, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493-94 (9th Cir. 2015) (citation omitted); see Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017) ("We will explain which of an individual's symptoms we found consistent or

inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions.").

Plaintiff contends the ALJ failed to provide clear and convincing reasons to reject her symptom testimony. The Court agrees. Although the ALJ identified some of plaintiff's symptoms, recited several of her activities of daily living ("ADLs"), and provided some facts about her treatment history, the ALJ did not identify *any* specific examples of how the objective medical evidence and other evidence of record is inconsistent with her allegations. Rather, the ALJ merely invoked the generalized, boilerplate rationale that her symptoms were not entirely consistent with the evidence. The Ninth Circuit has repeatedly stressed that such an analysis falls woefully short of the clear-and-convincing legal standards required. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102-03 (9th Cir. 2014) ("credibility findings must have support in the record, and hackneyed language seen universally in ALJ decisions adds nothing.") (quoting Shauger v. Astrue, 675 F.3d 690, 696 (7th Cir. 2012); Laborin v. Berryhill, 867 F.3d 1151, 1154-55 (9th Cir. 2017) (same). The ALJ's conclusory determination is clearly erroneous.

The Commissioner argues that the ALJ properly considered plaintiff's symptom testimony. For example, the Commissioner asserts the ALJ properly considered her ADLs. The argument fails, however, because the ALJ did no more than recite plaintiff's ADLs. Similarly, although the ALJ referenced plaintiff's treatment history including choosing not to pursue additional mental health treatment including medications, the ALJ did not identify what testimony her treatment history belied. Nor did the ALJ provide any basis for rejecting the reasons offered by plaintiff regarding why she did not seek out more robust mental health treatment. See Tr. 23-24. Although conservative treatment is generally a valid reason to reject severe symptom testimony, the rationale

is not valid where a plaintiff provides legitimate reasons for her choice not to pursue such treatment. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (citation omitted). The Commissioner also contends the ALJ accounted for the fact that some of plaintiff's treating providers declined to complete functional assessment forms in support of disability. Def.'s Br. 6. However, although the ALJ mentioned those facts in passing, he did not explain their import. Tr. 24.

The Commissioner further asserts the ALJ's symptom testimony analysis is supported by substantial evidence, but the ALJ's decision is simply devoid of such analysis. For this reason, the Court cannot conclude that the ALJ's interpretation of the evidence is rational, let alone deserving of deference. See Batson, 359 F.3d at 1198. Although the Commissioner accurately notes that the Court "is entitled to draw rational inferences logically flowing from the evidence," such does not relieve the ALJ of his obligation to meet the clear-and-convincing legal standard when rejecting symptom testimony, which is "the most demanding required in Social Security cases." Garrison, 759 F.3d at 1015. The ALJ plainly failed to do so here.

## II.   RFC Finding

Plaintiff next asserts the ALJ failed to incorporate into the RFC portions of the opinions of the state agency psychological consultants, to whom the ALJ accorded "significant weight." See Tr. 24. Specifically, plaintiff asserts the ALJ erroneously failed to include limitations the psychologists included in their opinions, namely limiting plaintiff to one- to two-step tasks and only occasional interaction with coworkers in the initial disability determination, and the limitations to "simple routine tasks" and occasional interaction with coworkers at the reconsideration level. Tr. 59-60, 78-79. Although the ALJ recognized the psychologists' suggested

limitations in his decision ("one- to two-step instructions and occasional contact with the general public and coworkers"), the RFC determination included less severe limitations such as no more than three-step simple tasks, and "limited contact with the public," with no provision for interactions with coworkers. Tr. 23-24.

The RFC finding represents the most a claimant can do despite her impairments. The RFC must include all of a claimant's limitations and restrictions, both severe and non-severe. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). Relatedly, where an ALJ does not adopt the opinion of an acceptable medical source regarding a claimant's impairments and functional limitations, the ALJ must provide specific-and-legitimate reasons for declining to do so. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ is not required to take medical opinions at face value and may consider the quality of the provided explanation in determining the weight afforded such opinions. Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020) (citing Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007)). Nevertheless, an ALJ must do more than merely state his conclusions when rejecting medical opinions – he must set forth his interpretations and state why those interpretations, rather than the doctors', are correct. Garrison, 759 F.3d at 1012.

As noted above, the ALJ acknowledged that the psychological consultants both opined Plaintiff was limited to no more than two-step instructions and occasional contact with the public and coworkers but formulated a somewhat less restrictive RFC. The ALJ purported to give the opinions "significant weight." Tr. 24. Indeed, the ALJ did not accord any other medical opinion equal or greater weight or find the consultant psychologists' opinions inconsistent with or unsupported by any other record evidence. Id. Contrary to the legal mandate discussed above, the ALJ did not state why his interpretation of the evidence set forth in the RFC was adopted rather

Page 8 – OPINION AND ORDER

than those of the "acceptable" psychological sources, nor provide specific-and-legitimate reasons for rejecting the limitations to simple one- to two-step tasks and occasional coworker interaction. As such, the ALJ erred.

The Commissioner posits that either (1) the ALJ did not err in formulating the RFC because he considered the psychological consultants' opinions and gave them "great weight;" or (2) any error was harmless because the ALJ included the consultants' functional limitation opinions in the hypothetical question to the VE. Def.'s Br. 7, 10-11. Both arguments fail.

First, for the reasons discussed above, although the ALJ may have considered and weighed the consultants' opinions, he erroneously failed to explain why he rejected the opinions in part and state why his interpretation of the medical evidence, rather than the consultants', is correct. The Commissioner additionally argues the ALJ was not required to include the limitation to simple one- to two-step tasks because "the record did not support that limitation," but the ALJ made no such finding. Def.'s Br. 10. Similarly, the ALJ did not explain why he failed to include in the RFC a limitation to occasional coworker interaction despite the Commissioner's contention that "the record did not support Plaintiff needed additional limitations because she was able to engage on a superficial level with others at sporting events, with friends, and at medical appointments." Def. Br. 8. At best, the Commissioner's arguments amount to post-hoc rationalizations – grounds on which the Court may not affirm a non-disability decision. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (citation omitted).

Second, the Commissioner's assertion that the mental limitations were included in the hypothetical to the VE is factually incorrect. The ALJ's hypothetical included the limitation of one- to three-step simple tasks, and no provision whatsoever for workplace interactions. Tr. 44-

45.     Because the ALJ failed to provide legally sufficient reasons to reject the limitations set forth by the psychological consultants or incorporate those limitations into the RFC, the RFC cannot be said to be supported by substantial evidence or free of legal error.

### III.    Incomplete Hypothetical Question to the VE and Step Five Error

For the reasons discussed above, the ALJ erroneously provided an incomplete hypothetical question to the VE. The Commissioner contends that any such error is harmless because at least one of the jobs identified at step five is consistent with the limitation of one- to two-step tasks. Def.'s Br. 10. Specifically, the Commissioner asserts the limitation to one- to two-step tasks is not inconsistent with the step five jobs of "addresser, sorter" or "cutter, paster" because those jobs require no more than "Reasoning Level 2," while the "final assembler" job requires no more than "Reasoning Level 1."[2] Def.'s Br. 8-10; see Tr. 26.

The Commissioner's arguments are misplaced. Regardless of the reasoning level required by the jobs identified at step five, the VE's testimony "has no evidentiary value" where, as here, it is based on an incomplete hypothetical. Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001). As such, the Commissioner's contention that "[t]he ALJ permissibly relied on the inherent reliability of the [VE's] testimony to support the step five finding" is meritless. Def.'s Br. 10. The ALJ's step five finding is not based on substantial evidence.

### IV.    Remedy

The decision whether to remand for further proceedings or for the immediate payment of benefits lies with the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-78 (9th Cir.

---

[2] See Zavalin v. Colvin, 778 F.3d 842, 846-47 (9th Cir. 2015) (explaining reasoning levels in the context of Social Security cases).

Page 10 – OPINION AND ORDER

2000), cert. denied, 531 U.S. 1038 (2000). The court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. Strauss v. Comm'r of the Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011).

The Ninth Circuit's "credit-as-true" doctrine is "settled" and binding on this Court. Garrison, 759 F.3d at 999. In conducting the "credit-as-true" analysis, the court first determines whether the ALJ committed legal error; and if so, the court must review the record and decide whether it is "fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) (internal citation omitted). Second, the court considers whether further administrative proceedings would serve a "useful purpose." Id. at 407 (internal citation omitted). Third, if the court finds the record is fully developed and further administrative proceedings would not be useful, the court may credit the improperly discredited evidence as true and determine whether the ALJ would be required to find the claimant disabled in light of this evidence. Id. (internal citation omitted). If so, the court may remand the case for an award of benefits, although the court ultimately retains "discretion in determining the appropriate remedy." Id. at 407-08 (internal citation omitted).

The first prong of the doctrine is met based on the ALJ's errors described in the discussion above. However, the record in this case is incomplete. For example, although the erroneous RFC and hypothetical to the VE undermine the step five finding, it is not clear on this record that the RFC plaintiff seeks— including limitations to one- to two-step tasks with only occasional interaction with coworkers—eliminates all jobs in the national economy because the VE provided no such testimony. Because the record is incomplete, the Court does not reach the third prong of

the credit-as-true inquiry, which would involve crediting plaintiff's symptom testimony as true. Remand is required to resolve this dispositive issue. However, because the ALJ also erred in rejecting plaintiff's symptom testimony and the psychological consultants' opinions, those issues must be re-evaluated on remand and incorporated into an RFC that includes all of plaintiff's impairments. Upon re-formulating an RFC, the ALJ on remand may rely at step five on a VE's testimony offered in response to complete hypothetical questions. Accordingly, the Court remands this matter on an open record. Brown-Hunter, 806 F.3d at 496 (remanding on an open record where ALJ erred in evaluating subjective symptom testimony).

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is REVERSED, and this case REMANDED for further proceedings.

IT SO ORDERED.

DATED this 21st day of December, 2020.

 /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge